FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

14 JUN 17 AM 11: 12

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

DENNIS FRAUTTEN, an individual,

Plaintiff,

v.

ESTANCIA AT BONITA BAY, INC., a Florida corporation, ESTANCIA AT BONITA BAY CONDOMINIUM ASSOCIATION, INC., a Florida corporation and TRINET HR CORPORATION, a California corporation,

Defendants.

CIVIL ACTION

Case No.

Judge:

Mag. Judge:

2:14-cv-332-FtM-29CM

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES the Plaintiff, DENNIS FRAUTTEN ("FRAUTTEN"), by and through undersigned counsel, and states the following for his Complaint:

**CAUSES OF ACTION**

1. This is an action brought under the Americans with Disabilities Act, as amended (ADAAA), Age Discrimination in Employment Act (ADEA) and the Florida Civil Rights Act of 1992 (FCRA) for (1) unlawful disability discrimination in violation of the ADAAA, (2) unlawful disability discrimination in violation of the FCRA, (3) age discrimination in violation of the ADEA and (4) age discrimination in violation of the FCRA.

**PARTIES**

2. The Plaintiff, DENNIS FRAUTTEN ("FRAUTTEN") is an individual and a resident of Florida who currently resides in Lee County, Florida.

3. Defendant, **ESTANCIA AT BONITA BAY, INC.** ("Estancia BB") is a Florida corporation with a principal place of business located at 4200 Gulf Shore Boulevard North, Naples, Florida 34103.

4. Defendant, **ESTANCIA AT BONITA BAY CONDOMINIUM ASSOCIATION, INC.** ("Estancia HOA") is a Florida corporation with a principal place of business located at 4801 Bonita Bay Boulevard, Bonita Springs, Florida 34134.

5. Defendant, **TRINET HR CORPORATION** ("Trinet") is a California corporation with a principal place of business located at 1100 San Leandro Boulevard, Suite 400, San Leandro, California 94577, which was formerly known as Gevity HR, Inc.

## JURISDICTION AND VENUE

6. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

7. This Court has supplemental jurisdiction over **FRAUTTEN**'s state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Lee County is within the Fort Myers Division.

9. **ESTANCIA BB** and **ESTANCIA HOA** are two entities that are highly integrated with respect to ownership and operations and are controlled by their parent, Bonita Bay Group, which has well over 20 employees.

10. **ESTANCIA BB** and **ESTANCIA HOA** share an interrelation of operations, a centralized control of labor relations (partially through **TRINET**), which has well over 20

2

employees), common management and common ownership or financial control. **ESTANCIA BB**, **ESTANCIA HOA** and **TRINET** all had the ability and did control and affect the terms and conditions of **FRAUTTEN**'s employment.

11. At all material times, the above Defendants employed greater than twenty (20) employees when aggregated. The Defendants jointly employed **FRAUTTEN** and all could, and did, affect the terms and conditions of his employment.

12. **FRAUTTEN** received his Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on March 18, 2014 and the instant Complaint is filed within the time frame required under the law. (A true and accurate copy of the Notice of Right to Sue is attached as Exhibit A.)

## GENERAL ALLEGATIONS[1]

13. **FRAUTTEN** was hired by the Defendants in or about 2002 as a property manager.

14. **FRAUTTEN** always performed his assigned duties in a professional manner and was very well qualified for his position.

15. **FRAUTTEN** is a member of a protected class as person over the age of 40 and as a person with a disability/record of disability and was regarded by the Defendants as being disabled.

16. Beginning on or about September 18, 2012, **FRAUTTEN** began being subjected to discrimination on the basis of his age and some perceived disability.

17. Specifically, and without warning, the Defendants suddenly informed **FRAUTTEN** that it had concerns about **FRAUTTEN**'s "health and stamina as he ages" and that **FRAUTTEN**'s continued employment would be discussed in light of his 65th birthday.

---

[1] Estancia BB, Estancia HOA and Trinet shall be collectively referred to as "Defendants" in the General Allegations section through the remainder of this Complaint.

3

18. Despite **FRAUTTEN**'s good health, strong workplace performance and his objections to the Defendant's discriminatory reasons for its plans to involuntarily separate him from his employment, the Defendants terminated him as of September 2013.

19. **FRAUTTEN** always received good to very good performance reviews from his supervisors.

20. Furthermore, **FRAUTTEN** was regarded as disabled by the Defendants based upon his perceived impairment.

21. The Defendant has violated the ADEA and the FCRA.

## COUNT I – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED

22. Plaintiff incorporates by reference Paragraphs 1-21 of this Complaint as though fully set forth below.

23. At all relevant times, **FRAUTTEN** was an individual with a perceived disability within the meaning of the ADAAA.

24. Specifically, the Defendants believed **FRAUTTEN** has physical and mental impairments that substantially limits one or more of his major life activities and bodily functions, has a record of the impairment, and is thus regarded by the Defendants as having such impairments.

25. **FRAUTTEN** is a qualified individual with disabilities as that term is defined in the ADAAA.

26. **FRAUTTEN** is an individual who, without reasonable accommodation, at all relevant times could perform the essential functions of his jobs with the Defendants.

27. At all material times, **FRAUTTEN** was an employee and the Defendants were his employer covered by and within the meaning of the ADAAA.

4

28. The Defendants discriminated against **FRAUTTEN** with respect to the terms, conditions, and privileges of his employment because of his perceived disabilities.

29. The Defendants conducted themselves with malice or with reckless indifference to **FRAUTTEN**'s federally protected rights.

30. The Defendants discriminated against **FRAUTTEN** in violation of the ADAAA by interfering with his enjoyment of all benefits, privileges, terms, and conditions of his employment.

31. The conduct of the Defendants altered the terms and conditions of **FRAUTTEN**'s employment and **FRAUTTEN** suffered negative employment action in the form of termination.

32. As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, **FRAUTTEN** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path that was anticipated from his employment.

33. As a direct and proximate result of the violations of the ADAAA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **FRAUTTEN** is entitled to all relief necessary to make him whole.

34. As a direct and proximate result of the Defendants' actions, **FRAUTTEN** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

35. **FRAUTTEN** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing the Defendant to cease and desist from all disability discrimination of all employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages;

viii. Punitive damages and;

ix. Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT- DISABILITY DISCRIMINATION

36. Plaintiff incorporates by reference Paragraphs 1-21 of this Complaint as though fully set forth below.

37. At all relevant times, **FRAUTTEN** was an individual with a perceived disability within the meaning of the FCRA.

38. Specifically, the Defendants believed **FRAUTTEN** has physical and mental impairments that substantially limits one or more of his major life activities and bodily functions, has a record of the impairment, and is thus regarded by the Defendants as having such impairments.

39. **FRAUTTEN** is a qualified individual with disabilities as that term is defined in the FCRA.

40. **FRAUTTEN** is an individual who, without reasonable accommodation, at all relevant times could perform the essential functions of his jobs with the Defendants.

41. At all material times, **FRAUTTEN** was an employee and the Defendants were his employer covered by and within the meaning of the FCRA.

42. The Defendants discriminated against **FRAUTTEN** with respect to the terms, conditions, and privileges of his employment because of his perceived disabilities.

43. The Defendants conducted themselves with malice or with reckless indifference to **FRAUTTEN**'s federally protected rights.

44. The Defendants discriminated against **FRAUTTEN** in violation of the FCRA by interfering with his enjoyment of all benefits, privileges, terms, and conditions of his employment.

45. The conduct of the Defendants altered the terms and conditions of **FRAUTTEN**'s employment and **FRAUTTEN** suffered negative employment action in the form of termination.

46. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **FRAUTTEN** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path that was anticipated from his employment.

47. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **FRAUTTEN** is entitled to all relief necessary to make him whole.

48. As a direct and proximate result of the Defendants' actions, **FRAUTTEN** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past

and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

49. FRAUTTEN has exhausted his administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all disability discrimination of all employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages;

viii. Leave to seek punitive damages and;

ix. Such other relief as this Court shall deem appropriate.

## COUNT III – VIOLATION OF THE ADEA

50. Plaintiff incorporates by reference Paragraphs 1-21 of this Complaint as though fully set forth below.

51. **FRAUTTEN** seeks recovery for all damages stemming from his termination by the Defendants.

52. At all material times, **FRAUTTEN** was an employee and the Defendants were his employer covered by and within the meaning of the ADEA.

53. **FRAUTTEN** is a member of the protected age class (over the age of 40).

54. **FRAUTTEN** was well qualified for the position that he held with the Defendants.

55. Despite his qualifications, **FRAUTTEN** has suffered adverse employment action in the form of the Defendant's termination of **FRAUTTEN**.

56. A younger person under the age of forty (40) with inferior qualifications and performance was hired to replace **FRAUTTEN**.

57. The Defendants sought applicants for **FRAUTTEN**'s position that were outside of **FRAUTTEN**'s protected class.

58. The Defendants haves discriminated against **FRAUTTEN** in the terms and conditions of his employment on the basis of his age, in violation of ADEA.

59. The Defendants engaged in unlawful employment practices in violation of the ADEA, 29 U.S.C. § 623, by terminating **FRAUTTEN** because of his age.

60. The Defendants' violations of the law were knowing and willful.

61. A causal connection exists between **FRAUTTEN**'s age and the termination of his employment by the Defendants.

62. As a result of the above-described violations of the ADEA, **FRAUTTEN** has been damaged by the Defendants in the nature of lost wages, salary, employment benefits, mental/emotional damages and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and attorney fees.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing the Defendant to cease and desist from all age discrimination of all employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages;

viii. Punitive damages and;

ix. Such other relief as this Court shall deem appropriate.

## COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT- AGE DISCRIMINATION

63. Plaintiff incorporates by reference Paragraphs 1-21 of this Complaint as though fully set forth below.

64. **FRAUTTEN** seeks recovery for all damages stemming from his termination by the Defendants.

65. At all material times, **FRAUTTEN** was an employee and the Defendants were his employer covered by and within the meaning of the FCRA.

66. **FRAUTTEN** is a member of the protected age class (over the age of 40).

67. **FRAUTTEN** was well qualified for the position that he held with the Defendants.

68. Despite his qualifications, **FRAUTTEN** has suffered adverse employment action in the form of the Defendant's termination of **FRAUTTEN**.

69. A younger person under the age of forty (40) with inferior qualifications and performance was hired to replace **FRAUTTEN**.

70. The Defendants sought applicants for **FRAUTTEN**'s position that were outside of **FRAUTTEN**'s protected class.

71. The Defendants haves discriminated against **FRAUTTEN** in the terms and conditions of his employment on the basis of his age, in violation of the FCRA.

72. The Defendants engaged in unlawful employment practices in violation of the FCRA, by terminating **FRAUTTEN** because of his age.

73. The Defendants' violations of the law were knowing and willful.

74. A causal connection exists between **FRAUTTEN**'s age and the termination of his employment by the Defendants.

75. As a result of the above-described violations of the FCRA, **FRAUTTEN** has been damaged by the Defendants in the nature of lost wages, salary, employment benefits, mental/emotional damages and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and attorney fees.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing the Defendant to cease and desist from all age discrimination of all employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages;

viii. Punitive damages and;

ix. Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **DENNIS FRAUTTEN**, by and through his undersigned attorney, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: June 16, 2014

Benjamin H. Yormak
Florida Bar Number 71272
Attorney for Plaintiff
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com