```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

DENNIS FRAUTTEN, an individual,

    Plaintiff,

    v.                                  Case No: 2:14-cv-332-29DNF

ESTANCIA AT BONITA BAY CONDOMINIUM ASSOCIATION, INC., a Florida corporation, and TRINET HR CORPORATION, a California corporation,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on defendants' Amended Motion to Dismiss (Doc. #25) filed on November 20, 2014.[1] Plaintiff filed a Response to Defendants' Motion (Doc. #27) on November 28, 2014. For the reasons set forth below, the motion is denied in part and taken under advisement in part.

**I.**

Dennis Frautten (plaintiff) filed a four-count Amended Complaint on September 21, 2014, against Estancia at Bonita Bay Condominium Association, Inc., (Estancia), and TriNet HR Corporation (TriNet) (Doc. #17) setting forth the following

---

[1] Defendants' Motion to Dismiss (Doc. #24), filed November 20, 2014, will be denied as moot.

claims: (Count I) unlawful disability discrimination in violation of the Americans with Disabilities Act (ADA); (Count II) unlawful disability discrimination in violation of the Florida Civil Rights Act (FCRA); (Count III) age discrimination in violation of the federal Age Discrimination in Employment Act (ADEA); and (Count IV) age discrimination in violation of the FCRA. Plaintiff alleges that he is a member of protected classes, being both over 40 years of age and having or being perceived to have a disability, and that the defendants terminated his employment based on those conditions. (Id. ¶¶ 23-27.)

Defendants' Amended Motion to Dismiss Counts I and III against TriNet argues that plaintiff failed to exhaust all administrative remedies against defendant TriNet, and has therefore failed to state a claim for which relief can be granted. (Doc. #25, p. 2.) Defendants further argue that upon dismissal of the claims against defendant TriNet, Counts I and III against defendant Estancia must be dismissed for lack of subject matter jurisdiction because Estancia does not employ enough workers to meet the definition of an "employer" under the ADA or the ADEA. (Id. at p. 4.)

Plaintiff responds that Estancia and TriNet are so highly integrated that they are a single employer, which together meets the jurisdictional threshold for the prerequisite number of employees. (Doc. #27, pp. 1-2.) Plaintiff also argues that the

2

Notice of Right to Sue Estancia should suffice as Notice of Right to Sue TriNet. (Id. at pp. 6-8.) Lastly, plaintiff contends that even if a Notice of Right to Sue TriNet was not properly received, he should be allowed to proceed with his suit for equitable reasons. (Id. at pp. 8-9.)

**II.**

As an initial matter, both sides refer at times to the issues as involving subject matter jurisdiction. The subject matter jurisdiction of this court is not implicated in this case. Exhaustion of administrative remedies is a pre-condition to filing suit, and failure to exhaust administrative remedies is an affirmative defense unrelated to jurisdiction. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008); Forehand v. Fla. State Hosp., 89 F.3d 1562, 1569 (11th Cir. 1996). Whether an employer has a sufficient number of employees to qualify as an "employer" under the statute is an element of the cause of action, not a jurisdictional prerequisite. Arbaugh v. Y&H Corp., 546 U.S. 500, 516 (2006).

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

3

do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court normally accepts all factual allegations in a complaint as true and takes them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007). When deciding a motion to dismiss for failure to exhaust administrative remedies, a court may resolve factual disputes. Bryant, 530 F.3d at 1374. "Legal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).

### III.

**A. Exhaustion of Administrative Remedies Against TriNet**

Both sides agree that before a party may bring a cause of action for violation of either the ADA or the ADEA, he must first file a timely complaint against the discriminating entity with the Equal Employment Opportunity Commission (EEOC) and receive a

4

Notice of Right to Sue from the EEOC. <u>Maynard v. Pneumatic Prods. Corp.</u>, 256 F.3d 1259, 1262 (11th Cir. 2001); 29 U.S.C. § 626(e). In addition to being a pre-condition for suit, a "judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." <u>Penaloza v. Target Corp.</u>, 549 F. App'x 844, 848 (11th Cir. 2013) (citations and internal quotations omitted).

Exhaustion of administrative remedies is a matter in abatement that should be raised in a motion to dismiss. <u>Bryant</u>, 530 F.3d at 1374-75 (addressing the Prison Litigation Reform Act's exhaustion requirements). It is permissible for a district court to consider facts outside of the pleadings and resolve factual disputes, so long as the factual disputes do not decide the merits and the parties are given sufficient opportunity to develop a record. <u>Id.</u> at 1376.

> Deciding a motion to dismiss for failing to exhaust administrative remedies is a two-step process. First, the court must look to the factual allegations in the defendant's motion and the plaintiff's response, taking the plaintiff's version of the facts as true to the extent that it conflicts with that of the defendant. If the complaint is not subject to dismissal at this step, the court must then make specific findings to resolve the parties' factual disputes, and determine whether the defendant bore its burden of proving that the plaintiff failed to exhaust his administrative remedies.

<u>Basel v. Secretary of Defense</u>, 507 F. App'x 873, 874-75 (11th Cir. 2013) (citation omitted).

5

Plaintiff summarily alleges that he has exhausted his administrative remedies and is therefore entitled to bring this action. (Doc. #17, ¶¶ 44, 58, 72, 86.) These allegations are sufficient under Fed. R. Civ. P. 9(c), which states that "it suffices to allege generally that all conditions precedent have occurred or been performed."

Defendants assert that despite the conclusory allegations, plaintiff did not in fact exhaust his administrative remedies as to defendant TriNet. Defendants suggest that TriNet was not named in the complaint filed with the EEOC and state that TriNet was not named in the EEOC's right to sue letter. The right to sue letter attached to the Amended Complaint confirms that no reference is being made to TriNet. Plaintiff never explicitly states that TriNet was named in his complaint with the EEOC, and has not attached a copy of his EEOC complaint. Rather, plaintiff asserts that TriNet and Estancia were a single employer so that naming one was sufficient.

> Ordinarily, a party not named in the EEOC charge cannot be sued in a subsequent civil action. This naming requirement serves to notify the charged party of the allegations and allows the party an opportunity to participate in conciliation and voluntarily comply with the requirements of Title VII. However, courts liberally construe this requirement. Where the purposes of the Act are fulfilled, a party unnamed in the EEOC charge may be subjected to the jurisdiction of federal courts. A party not named in an EEOC charge generally

6

>    cannot be sued in a subsequent civil action, but may be subjected to the jurisdiction of the federal courts when the purposes have been fulfilled.

Virgo v. Riviera Beach Assocs., Ltd., 30 F.3d 1350, 1359 (11th Cir. 1994) (citations omitted).  In determining whether these purposes have been met, courts look to several factors, including: (1) the similarity of interest between the named party and the unnamed party; (2) whether the plaintiff could have ascertained the identity of the unnamed party at the time the EEOC charge was filed; (3) whether the unnamed parties received adequate notice of the charges; (4) whether the unnamed parties had an adequate opportunity to participate in the reconciliation process; and (5) whether the unnamed party actually was prejudiced by its exclusion from the EEOC proceedings.  Id.

Adequate notice, adequate opportunity, and absence of prejudice turn on whether the unnamed and named parties to the EEOC complaint are determined to be a single employer. Whitson v. Staff Acquisition, Inc., 41 F. Supp. 2d 1294, 1299 (M.D. Ala. 1999).  In determining whether two entities are a "single employer," the Eleventh Circuit has adopted the criteria promulgated by the National Labor Relations Board.  These include (1) interrelations of operation; (2) common management; (3) centralized control of labor relations; and (4) common ownership and financial control.  McKenzie v. Davenport-Harris Funeral Home,

7

834 F.2d 930, 933 (11th Cir. 1987). A "joint employer" arises when "two entities contract with each other for the performance of some task, and one company retains sufficient control over the terms and conditions of employment of the other company's employees." Lyes v. City Of Riviera Beach, Fla., 166 F.3d 1332, 1342 (11th Cir. 1999).

The Court is unable to resolve the issue as the record currently stands. The Court will direct that limited discovery be allowed as to the satisfaction of the condition precedent, and allow the parties to submit supplemental memoranda.

**B.   Equitable Modification of Condition Precedent**

Plaintiff argues that dismissal of claims against TriNet would be inequitable. In support, plaintiff cites Fouche v. Jekyll Island–State Park, 713 F.2d 1518, 1526 (11th Cir. 1983), in which the court waived the Right to Sue Notice because the Attorney General had refused to issue it. The holding in Fouche is not relevant to the instant case. Plaintiff has made no statement or showing that he was unable to obtain a Right to Sue Notice from the EEOC in reference to TriNet, nor is there any evidence that the EEOC made a clerical error by failing to mention TriNet on the Notice for Estancia. In fact, the EEOC dismissal was based on the sole fact that Estancia did not have enough employees to qualify as an "employer" under the ADA and ADEA, indicating that the EEOC

8

was unaware that TriNet was a potential defendant. There are no circumstances stated that justify equitable modification of the condition precedent of the Right to Sue Notice.

Accordingly, it is now

**ORDERED:**

1. Defendants' Motion to Dismiss (Doc. #24) is **DENIED** as moot.

2. Defendants' Amended Motion to Dismiss Counts I and III against TriNet (Doc. #25) is **DENIED in part and taken under advisement in part**.

3. The parties may engage in discovery limited to the issue of the exhaustion of remedies, and shall each file a supplemental memorandum within **sixty (60) days** of the date of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __17th__ day of April, 2015.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of record

9