```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

DENNIS FRAUTTEN, an individual,

    Plaintiff,

v.                                Case No: 2:14-cv-332-FtM-29CM

ESTANCIA AT BONITA BAY CONDOMINIUM ASSOCIATION, INC., a Florida corporation and TRINET HR CORPORATION, a California corporation,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendants' Amended Motion to Dismiss (Doc. #25) filed on November 20, 2014. Plaintiff filed a Response to Defendants' Amended Motion to Dismiss (Doc. #27) on November 28, 2014. After conducting limited discovery, defendants filed a Supplemental Motion to Dismiss (Doc. #39) on June 16, 2015, to which plaintiff filed a Response (Doc. #42) on July 9, 2015. For the reasons set forth below, the motions are denied.

**I.**

On September 21, 2014, Dennis Frautten (plaintiff) filed a four-count Amended Complaint against Estancia at Bonita Bay Condominium Association, Inc. (Estancia) and TriNet HR Corporation

(TriNet) setting forth the following claims: (I) unlawful disability discrimination in violation of the Americans with Disabilities Act (ADA); (II) unlawful disability discrimination in violation of the Florida Civil Rights Act (FCRA); (III) age discrimination in violation of the federal Age Discrimination in Employment Act (ADEA); and (IV) age discrimination in violation of the FCRA. (Doc. #17.) Plaintiff alleges that he is a member of protected classes, being both over 40 years of age and having or being perceived to have a disability, and that the defendants terminated his employment based on those conditions. (Id. ¶¶ 23-27.)

On November 20, 2014, defendants filed an Amended Motion to Dismiss arguing that Counts I and III against TriNet should be dismissed because plaintiff failed to exhaust all of his administrative remedies. (Doc. #25.) Due to the limited record, the Court directed the parties to engage in limited discovery on this issue. (Doc. #36, p. 8.) On June 16, 2015, defendants filed a Supplemental Motion to Dismiss arguing that plaintiff failed to exhaust his administrative remedies because the Equal Employment Opportunity Commission (EEOC) never had an opportunity to investigate the claims against TriNet. (Doc. #39, pp. 8-9.)

**II.**

Before instituting an action under the ADA or the ADEA, a plaintiff must file a charge of discrimination with the EEOC and

2

receive a statutory notice of the right to sue the respondent named in the charge. Burnett v. City of Jacksonville, 376 F. App'x 905, 906 (11th Cir. 2010) (citing Forehand v. Fla. State. Hosp. at Chattahoochee, 89 F.3d 1562, 1567 (11th Cir. 1996)). "The purpose of this exhaustion requirement is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1279 (11th Cir. 2004). It follows that a "plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Id. at 1280 (citing Alexander v. Fulton Cnty. Ga., 207 F.3d 1303, 1332 (11th Cir. 2000)). Judicial claims that "amplify, clarify, or more clearly focus" the allegations in the EEOC charge are permitted, but the plaintiff cannot allege new acts of discrimination. Id. at 1279-80. Nevertheless, courts are "extremely reluctant to allow procedural technicalities to bar claims brought under [the ADA or the ADEA]" and should construe an EEOC complaint broadly. Penaloza v. Target Corp., 549 F. App'x 844, 848 (11th Cir. 2013) (quoting Gregory, 355 F.3d at 1280).

In this matter, plaintiff filed a Charge of Discrimination with the EEOC on or about August 26, 2013, asserting age and disability discrimination against Estancia and TriNet's

predecessor, Grevity HR, Inc. (Grevity). (Doc. #42-1.) The Charge states, in relevant part, that plaintiff worked for Estancia, but was also employed by Grevity "as it supplies my services to Estancia by written contract and retains co-employer rights with Estancia." (Id.) After the Charge was filed, the EEOC issued a single charge number encompassing the claims against Estancia and TriNet/Grevity, and assigned the case EEOC Investigator Delia Hernandez (Hernandez). (Doc. #39-5, pp. 6-8.)

On October 23, 2013, Hernandez held a conference call with plaintiff and Evelyn Brown (Brown), a paralegal employed by plaintiff's counsel, to discuss the respondents identified in the Charge of Discrimination. (Doc. #39-1, p. 2; Doc. #39-2, p. 1.) After the call, Hernandez sent Brown an email stating, in relevant part, that "I want to confirm that Mr. Frautten advised both of us that his employer (who paid his salary) was **Estancia at Bonita Bay**; and, that Grevity HR, Inc. (which also appears on the instant charge) is the HR for this Respondent. Accordingly the assumption that Grevity HR, Inc. was another Respondent being charged is inaccurate. Thank you for helping me clear this matter up." (Doc. #39-5, p. 48.) Hernandez noted that TriNet/Grevity was not a second employer on the investigation log (Id. at 8), but never relayed her findings to Estancia or TriNet/Grevity (Doc. #39, p. 7).

4

Estancia and TriNet/Grevity jointly filed a position statement with the EEOC on November 27, 2013, asserting that the claims against them should be dismissed in their entirety because Estancia does not employ enough workers to meet the definition of "employer" under the ADA or the ADEA and TriNet/Grevity did not exercise sufficient day-to-day control over plaintiff's work to be considered a joint employer. (Doc. #42-3.) After reviewing the evidence, Hernandez recommended that plaintiff's Charge of Discrimination be dismissed because Estancia did not have fifteen or more employees for twenty or more calendar weeks in the current or preceding years. (Doc. #39-5, p. 12.) Hernandez's recommendation was approved on March 13, 2014, and plaintiff's Charge of Discrimination was dismissed for lack of subject matter jurisdiction. (Id.) A Dismissal and Notice of Rights was mailed to plaintiff, plaintiff's counsel, and Estancia's counsel on March 21, 2014. (Doc. #42-4.) Although the Dismissal and Notice of Rights did not mention TriNet/Grevity, it did state that the EEOC was closing the entire file.

Based on the foregoing, the Court finds that plaintiff exhausted his administrative remedies as to both Estancia and TriNet. Plaintiff provided the EEOC with an opportunity to investigate the alleged discriminatory practices by filing a timely Charge of Discrimination against Estancia and TriNet/Grevity. The EEOC was also able perform its role in

5

obtaining voluntary compliance as both defendants were notified of the proceedings. Thus, the purpose of the exhaustion requirement was satisfied. The fact that the Dismissal and Notice of Rights did not mention TriNet/Grevity is of little import as the entire file was closed. Furthermore, it would be unfair to allow a procedural technicality such as this to bar plaintiff's claims given that TriNet was not prejudiced by its exclusion from the Dismissal and Notice of Rights. See Virgo v. Riviera Beach Assocs., Ltd., 30 F.3d 1350, 1359 (11th Cir. 1994); Fouche v. Jekyll Island-State Park Auth., 713 F.2d 1518, 1526 (11th Cir. 1983). Defendants' motions are therefore denied.

Accordingly, it is now

**ORDERED:**

Defendants' Amended Motion to Dismiss (Doc. #25) and Supplemental Motion to Dismiss (Doc. #39) are **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this   16th   day of July, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:

Counsel of record